**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS T. CALHOUN, | ) | CASE NO. 4:25-cv-2381 |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| vs. | ) | **MEMORANDUM OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

Before the Court is plaintiff Thomas Calhoun's ("Calhoun") motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,389.06. (Doc. No. 14 (Unopposed Motion for Attorney's Fees Pursuant to the EAJA).) For the reasons set forth herein, the motion is **GRANTED**.

## I. BACKGROUND

On November 4, 2025, Calhoun filed this action seeking judicial review of defendant the Commissioner of Social Security's ("Commissioner") denial of his application for Social Security Disability Insurance Benefits and Supplemental Security Income Benefits. (Doc. No. 1 (Complaint), at 1–2.[1])

On May 26, 2026, the parties jointly stipulated to reverse and remand this matter to the Commissioner for further administrative proceedings pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g). (Doc. No. 11 (Joint Stipulation to Remand to the

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Commissioner).) On June 12, 2026, this Court Ordered that the decision of the Commissioner be reversed and the matter be remanded to the Commissioner. (Doc. No. 12 (Remand Order), at 1.)

On September 10, 2026,[2] Calhoun moved this Court to enter an award of attorneys' fees in the amount of $5,389.06 under the EAJA, 28 U.S.C. § 2412, because all four elements entitling plaintiff to an award have been proved or alleged. (Doc. No. 14, at 1–2; Doc. No. 15 (Attorney's Affirmation in Support of Motion for EAJA Fees), at 1–2.)

## II. DISCUSSION

The EAJA requires that the government pay a prevailing plaintiff's attorneys' fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 553–54 (6th Cir. 2004). Because Calhoun's social security appeal was remanded there is no dispute that that Calhoun is a "prevailing party" under the EAJA. *Hammock v. Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015) ("A plaintiff who wins a remand of [his] social security appeal in this Court is a 'prevailing party[.]'"), *report and recommendation adopted*, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015). Additionally, Calhoun alleges, and the Commissioner does not dispute, that the Government's position was not substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 415, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004).

Although the parties have conferred and agreed to the award (Doc. No. 14, at 2), the Court must still examine the award amount for reasonableness. *See* 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the

---

[2] September 10, 2026, is exactly 90 days from June 12, 2026 (the day this Court entered its Order reversing and remanding the action. (Doc. No. 12.) Thus, this motion for attorneys' fees pursuant to 28 U.S.C. § 2412(d)(1)(B) is deemed timely. *Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 489–90 (6th Cir. 2021).

amount of an attorneys' fees award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justify a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted in support of the motion shows that a total of 24.8 hours[3] of legal services were performed across 2025 and 2026, including the typical legal services of preparing the complaint, reviewing the administrative transcript, drafting plaintiff's brief on the merits, and reviewing court orders. (Doc. No. 15-2 (Combined Time Entries), at 2–3.) The Court finds that both the amount and the nature of these legal services are reasonable.

Calhoun's counsel indicates paralegal billing rates of $125.00 per hour. (Doc. No. 15, at 3.) Calhoun's counsel also indicates an attorney billing rate of $245.91 per hour for CY 2025 (*id.*) and an attorney billing rate of $253.91 per hour for CY 2026 (*id.*), which is an upward departure from the $125.00 statutory cap set by Congress in March 1996. It is common, although not required, to adjust the statutory hourly rate to account for cost-of-living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living . . . justifies a higher fee.'" (quoting 28 U.S.C. § 2412(d)(2)(A)(ii))); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost-of-living increase).

The measure of inflation in this geographic region is the Midwest Urban Consumer Price Index ("CPI-U").[4] *Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13-cv-1845, 2014 WL 4388154, at *3

---

[3] Of this figure, 20.2 hours were billed by attorneys and 4.6 hours billed by paralegals. (Doc. No. 15, at 3.)

[4] The Midwest Urban CPI-U for 2025 is 298.433, and for HALF1 2026 is 307.271. *Databases, Tables & Calculators by Subject*, U.S. Bureau of Labor Statistics http://data.bls.gov/timeseries/CUUR0200SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited Sept. 14, 2026).

(N.D. Ohio Sept. 5, 2014) (collecting cases). In light of the information available for the period of time in which counsel provided services in this case, the Court finds that the agreed award of $5,389.06 is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A).

While any amount paid belongs to Calhoun, Calhoun has waived direct payment of EAJA fees. (Doc. No. 15-5 (Affirmation and Waiver of Direct Payment of EAJA Fees), at 2.) Calhoun "agree[d] to waive direct payment of the EAJA fees and assign said fees to be paid directly to [his] attorney." (*Id.*) This award will be in full and complete satisfaction of any and all of Calhoun's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by Calhoun to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 588, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

The Commissioner is directed to determine whether Calhoun owes any pre-existing debt to the United States. If Calhoun owes a pre-existing debt to the United States, the Commissioner shall direct that the award of $5,389.06 in attorneys' fees, less any setoff, be made payable to Calhoun's attorney and be mailed to the attorney's business address. If there is no setoff, then the full award shall be remitted.

## III. CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Calhoun's motion for attorneys' fees pursuant to the EAJA in the amount of $5,389.06 (Doc. No. 14), and this amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: September 25, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**